

FILED

JAN 2 8 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR
## CRIMNAL COMPLAINT AND ARREST WARRANT

I, Anthony Brock Newton, being first duly sworn, hereby depose and state as follows:

1.      I have been a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since 2015. I am a graduate of the Federal Law Enforcement Training Center (FLETC) and the ATF Special Agent Basic Training Academy. I received specialized training concerning violations of the Gun Control Act within Title 18 and the National Firearms Act within Title 26, of the United States Code pursuant to firearms violations. Prior to my appointment with the ATF, I was a police officer for approximately six years.

2.      I am currently assigned to the ATF Newport News Satellite Office. In my capacity as a law enforcement officer, I have investigated individuals for the illegal possession and use of firearms, illegal possession and distribution of controlled substances, and the commission of violent crimes. Many of these investigations involved the execution of search warrants, and led to the arrest and conviction of individuals for violations of state and federal firearms and drug trafficking laws.

3.      I have probable cause to believe that Nathan MATTOCKS (hereafter referred to as MATTOCKS) committed the following offense in violation of federal law: possession of a firearm by a prohibited person (convicted of a crime punishable by imprisonment for a term exceeding one year), in violation of 18 U.S.C. § 922(g)(1).

*United States v. Nathan Mattocks*

## PROBABLE CAUSE IN SUPPORT OF
## CRIMINAL COMPLAINT AND ARREST WARRANT

1.      On August 5th, 2020, the Gloucester County Sheriff's Office (GCSO) received a call for service in reference to a road rage incident in which the caller, "VICTIM 1", stated that a gray four door sedan was following him and shooting at him in Gloucester, VA. After receiving this call for service, the GCSO located and stopped a gray four door sedan in the area of the call for service that was observed speeding. Upon stopping the gray four door sedan, the GCSO identified "WITNESS A" as the driver of the vehicle and MATTOCKS as the passenger of the vehicle. The GCSO took both "WITNESS A" and MATTOCKS into custody and conducted a search of the vehicle, locating a 9mm cartridge on the driver's side floorboard.

2.      "WITNESS A" spoke with the GCSO and stated that she was with MATTOCKS and driving her vehicle. They had stopped at a gas station when MATTOCKS observed an individual, "VICTIM 1", driving another vehicle. MATTOCKS told "WITNESS A" that "VICTIM 1" had "robbed" him of approximately $500. "WITNESS A" stated that MATTOCKS wanted her to follow him, but she refused. MATTOCKS then pushed her into the passenger seat, entered the driver's seat of the vehicle, and proceeded to follow "VICTIM 1" at a high rate of speed. While following the vehicle, "WITNESS A" observed MATTOCKS firing a black handgun out of the window at "VICTIM 1's" vehicle. "WITNESS A" stated that MATTOCKS lost sight of "VICTIM 1's" vehicle and that MATTOCKS' firearm was "cocked back" because he ran out of ammunition. After losing sight of the vehicle, "WITNESS A" stated that MATTOCKS made her switch seats with him and drive the vehicle.

3.      "WITNESS A" stated that after MATTOCKS observed law enforcement, he threw the handgun he used to shoot at "VICTIM 1" out of the vehicle in the area of the top of the

*United States v. Nathan Mattocks*

hill on Providence Road in the area of the Quail Hollow Subdivision, which is in Gloucester, VA. "WITNESS A" also stated that MATTOCKS threw a pill bottle with prescription drugs that he was planning on selling just past where he threw the firearm. After receiving this information, law enforcement located a black in color Taurus 9mm pistol in the driveway of 3304 Providence Road. After securing the firearm, law enforcement then located a white pill bottle in the ditch line at 3224 Providence Road.

4.     On August 5, 2020, law enforcement met and spoke with "VICTIM 1". During this encounter, law enforcement observed bullet hole damage in "VICTIM 1"'s vehicle and also recovered fired bullets from the vehicle. In speaking with law enforcement, "VICTIM 1" stated that he was driving when he heard a "pow" and observed a pickup truck in front of him and a silver car behind him. "VICTIM 1" additionally noticed that the silver car was being driven by a black male and that the black male was holding a pistol out of the driver's side window. "VICTIM 1" stated that at this point he realized the "pow" he heard was a gunshot. Additionally, "VICTIM 1" gave further details to the GCSO of the silver car chasing him and firing several shots at him.

5.     A review of MATTOCKS' criminal history reveals that he has been convicted of felonies in the Commonwealth of Virginia that were punishable by imprisonment for a term exceeding one year. A further review revealed that MATTOCKS' had not had his rights to possess a firearm restored.

6.     Your affiant reviewed Virginia Department of Corrections, Conditions of Probation Supervision form PPS 2 pertaining to MATTOCKS' felony criminal conviction in the Commonwealth Virginia, which demonstrated that MATTOCKS is prohibited from "us[ing], own[ing] possess[ing], transport[ing], or carry[ing] a firearm." MATTOCKS affixed his

*United States v. Nathan Mattocks*

signature to the form below an attestation acknowledging receipt of this condition of probation, among others, on May 3, 2018 as witnessed by a Probation Officer.

7.    Your affiant knows the identity of both "VICTIM 1" and "WITNESS A" and has personally spoken with both of them.

8.    Your affiant is a firearms nexus expert and is familiar with Taurus firearms. The Taurus pistol recovered in this investigation was not manufactured in the Commonwealth of Virginia, and therefore, must have been shipped or transported in interstate commerce, if it was received or possessed in the Commonwealth of Virginia.

9.    This affidavit contains only enough information to establish probable cause and does not contain all the facts or information known to law enforcement.

*United States v. Nathan Mattocks*

WHEREFORE, based upon the above information, your Affiant believes probable cause exists to charge MATTOCKS with being a prohibited person (convicted of a crime punishable by imprisonment for a term exceeding one year) in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Anthony Newton
Special Agent
United States Drug Enforcement Administration

Read and Approved:

Kenneth P. Kaplan
Special Assistant United States Attorney

Sworn and subscribed to me
On this 2_8_th day of January 2021, by telephone. RJK

Robert J. Krask
United States Magistrate Judge
Norfolk, Virginia

*United States v. Nathan Mattocks*