```
 1                   IN THE UNITED STATES DISTRICT COURT
                    FOR THE EASTERN DISTRICT OF VIRGINIA
 2                         Newport News Division

 3

 4   - - - - - - - - - - - - - - - - - -
                                        )
 5      UNITED STATES OF AMERICA,        )
                                        )
 6      v.                               )    CRIMINAL ACTION NO.
                                        )    4:21cr6
 7      NATHAN DeALBERT MATTOCKS,         )
                                        )
 8            Defendant.                 )
                                        )
 9   - - - - - - - - - - - - - - - - - -

10

11

12                      TRANSCRIPT OF PROCEEDINGS
                             (Guilty Plea)

13                        Norfolk, Virginia

14                         July 9, 2021

15

16   BEFORE:  THE HONORABLE DOUGLAS E. MILLER
                 United States Magistrate Judge

17

18

19   APPEARANCES:

20            UNITED STATES ATTORNEY'S OFFICE
                 By:  Kenneth P. Kaplan
21                    Assistant United States Attorney
                      Counsel for the United States
22
              LAW OFFICE OF CHAD G. DORSK
23               By:  Chad Gray Dorsk
                      Counsel for the Defendant
24

25
```

```
 1              (Proceedings commenced at 2:04 p.m.)

 2              THE CLERK:  United States versus Nathan DeAlbert

 3    Mattocks, case 4:21cv6.

 4              Is the government ready, Mr. Kaplan?

 5              MR. KAPLAN:  Good morning -- good afternoon, Madam

 6    Clerk.

 7              Good afternoon, Your Honor.  It's actually good to

 8    see you in person for a change.

 9              THE COURT:  Good to see you.

10              MR. KAPLAN:  We are ready to proceed, Judge.

11              THE COURT:  All right.  Good to see you, too,

12    Mr. Kaplan.

13              THE CLERK:  Is the defense ready, Mr. Dorsk?

14              MR. DORSK:  Yes, ma'am.

15              Good afternoon, Your Honor.

16              THE COURT:  Good afternoon, Mr. Dorsk.

17              THE DEFENDANT:  Good afternoon.

18              THE COURT:  Good afternoon, Mr. Mattocks.

19              THE DEFENDANT:  Yes, sir.

20              THE COURT:  All right.  It's my understanding that

21    Mr. Mattocks is prepared to enter a guilty plea to two

22    counts of the pending indictment.

23              Is that right, Mr. Dorsk?

24              MR. DORSK:  Correct, Judge, yes.

25              THE COURT:  Have you had time to review everything
```

1   with him?

2           MR. DORSK:  I have.

3           THE COURT:  And he's ready to go forward?

4           MR. DORSK:  He is, Judge.

5           THE DEFENDANT:  Yes, sir.

6           THE COURT:  All right.  We can just stay right

7   there actually, if everybody speaks up nice and loud so the

8   court reporter can hear.

9           MR. DORSK:  Yes, sir.

10          THE COURT:  Mr. Mattocks, your case is assigned to

11  United States District Judge Rebecca Beach Smith.  Judge

12  Smith asked me to conduct a colloquy today to make sure that

13  you understand your rights, and that you are in fact guilty.

14  At the conclusion of these proceedings, if I find that your

15  plea is voluntary and supported by facts, I will be entering

16  an order accepting your plea, and you will not be able to

17  change it or withdraw it after that without showing special

18  circumstances.

19          Do you understand this?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Because of this, you're entitled to

22  insist that Judge Smith or another district judge conduct

23  the proceedings.  Because I'm a magistrate judge, I have to

24  obtain your consent to conduct them.

25          Do you understand?

1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  Did you review and sign this consent?

3              THE DEFENDANT:  Yes, I did.

4              THE COURT:  And did Mr. Dorsk answer any questions

5    you had about it before you signed?

6              THE DEFENDANT:  In its entirety, yes, sir.

7              THE COURT:  And, Mr. Dorsk, did you also join in

8    the consent?

9              MR. DORSK:  Yes, Your Honor.

10             THE COURT:  Mr. Kaplan, on behalf of the United

11   States did you agree to proceed before a magistrate judge?

12             MR. KAPLAN:  Yes, Your Honor, I did.

13             THE COURT:  All right.  We'll file the consent and

14   go forward.

15             Before accepting your plea, Mr. Mattocks, the Court

16   must inform you of your rights to make sure you understand

17   them and that you are guilty.  To do that, in a moment I'm

18   going to ask the clerk to place you under oath, and I'll ask

19   you a series of questions.  It's important that you

20   understand my questions.  So if you don't understand them

21   for any reason, please don't answer, but ask me to rephrase

22   the question.

23             Will you agree to do that?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  You may confer with Mr. Dorsk at any

```
1    time, and I'm sure he's already prepared you for my
2    questions.  But your answers today must be your own answers
3    based on your understanding of the question.
4              Do you understand this?
5              THE DEFENDANT:  Yes, sir.
6              THE COURT:  Finally, if your answers later prove to
7    be false and material to the proceedings, those answers may
8    be used against you in a prosecution for perjury or false
9    statement.
10             Do you understand?
11             THE DEFENDANT:  Yes, sir.
12             THE COURT:  All right, Ms. Dodge.  Would you please
13   swear the defendant.
14             THE CLERK:  Raise your right hand, please.
15             (The defendant was sworn.)
16             NATHAN DeALBERT MATTOCKS, the defendant, having
17   been first duly sworn, was examined and testified as
18   follows:
19                          EXAMINATION
20   BY THE COURT:
21   Q.  If you could speak directly into the microphone,
22   Mr. Mattocks.
23   A.  Yes, sir.
24   Q.  Is your correct name Nathan DeAlbert Mattocks?
25   A.  Yes, sir, it is.
```

```
1   Q.  Are you the person named in a superseding indictment
2   bearing number 4:21cr6?
3   A.  Yes, sir, I am.
4   Q.  How old are you?
5   A.  37.
6   Q.  How far did you go in school?
7   A.  GED.
8   Q.  Have you ever been treated for any mental illness or
9   addiction to narcotic drugs?
10  A.  No, sir.
11  Q.  Have you received a copy of the superseding indictment
12  pending in the case?
13  A.  Yes, sir.
14  Q.  Have you read this indictment and discussed the charges
15  with Mr. Dorsk?
16  A.  Yes, sir, we have.
17  Q.  The superseding indictment charges you with eight counts,
18  and it's my understanding you've agreed to plead guilty to
19  Counts 1 and 6.
20          Is that your understanding?
21  A.  Yes, sir, it is.
22  Q.  I am going to explain these two charges as well as the
23  elements the United States would have to prove to convict you
24  if the case went to trial.
25          Do you understand?
```

1    A.  Yes, sir.

2    Q.  Count 1 charges conspiracy to distribute and possess with

3    intent to distribute Schedule I and II narcotics, which is a

4    violation of Title 21, United States Code, Section 846 and

5    841(a)(1) and (b)(1)(C).  To convict you of this offense the

6    United States would have to prove each of these elements

7    beyond a reasonable doubt:

8         First, that in the Eastern District of Virginia an

9    agreement was formed between at least two persons for the

10   unlawful purpose of distributing and possessing with intent

11   to distribute controlled substances, namely heroin, cocaine,

12   methamphetamine, and fentanyl;

13        Second, the government would have to show that you

14   knew of the unlawful purpose of this agreement and willfully

15   joined in the agreement intending to further its unlawful

16   purpose;

17        Third, the Government would have to show at least one

18   member of the conspiracy committed at least one overt act, or

19   did something to further the unlawful purpose of the

20   agreement.

21        Do you understand all of the elements the United

22   States would have to prove to convict you on this charge?

23   A.  Yes, sir.

24   Q.  The maximum penalty provided on the conspiracy count is

25   20 years in prison, a fine of up to $1 million, forfeiture of

1    assets, a $100 special assessment, and three years of

2    supervised release.

3         Do you understand the penalty provisions?

4    A.  Yes, sir.

5    Q.  Count 6 charges you with possessing, using, brandishing,

6    and discharging a firearm during and in relation to a drug

7    trafficking offense, which is a violation of Title 18, United

8    States Code, Section 924(c)(1)(A).  To convict you of this

9    offense the United States would have to prove each of these

10   elements beyond a reasonable doubt:

11        First, that you committed a drug trafficking offense

12   for which you could be prosecuted under the laws of the

13   United States, and this would include the offense of the

14   conspiracy to distribute and possess with intent to

15   distribute controlled substances;

16        Second, the Government would have to show that during

17   and in relation to the commission of this offense you

18   knowingly discharged a firearm.

19        Do you understand the elements that the United States

20   would have to prove to convict you of this offense?

21   A.  Yes, sir.

22   Q.  The maximum penalty provided for this offense is life in

23   prison, a fine of up to $250,000, forfeiture of assets, a

24   $100 special assessment, and five years of supervised

25   release.

1          In addition, if the government proves that the
2     firearm that you had was discharged, the offense carries a
3     mandatory minimum 10-year prison term.
4          Do you understand the penalty provisions?
5     A.  Yes, sir.
6     Q.  The case also involves forfeiture, which is discussed in
7     your plea agreement at paragraphs 10, 11, and 12.  Do you
8     understand that the Court may require you to forfeit or turn
9     over property to the government if the property was used to
10    commit illegal activity or obtained with proceeds from
11    illegal activity?
12    A.  Yes, sir.
13    Q.  These offenses are both felonies, and if your plea is
14    accepted, and you're later found guilty, each of those
15    convictions may deprive you of valuable civil rights,
16    including the right to vote, to hold public office, serve on
17    a jury, or possess a firearm.
18          Do you understand?
19    A.  Yes, sir.
20    Q.  Also, the cost of your prosecution and the cost of your
21    incarceration, supervision or probation may be assessed
22    against you if the Court determines you have the funds to pay
23    those costs.
24          Do you understand this?
25    A.  Yes, sir.

1  Q.  You'll also be required to pay a $100 special assessment

2  for each count of conviction, and this is required whether or

3  not you have the ability to pay.

4       Do you understand?

5  A.  Yes, sir.

6  Q.  Are you aware that the special assessment is due prior to

7  sentencing in the case?

8  A.  Yes, sir.

9  Q.  In addition to any period of incarceration the Court

10 imposes, there may be a period of supervised release.  And

11 for a conviction on Count 1, that period is three years, and

12 on Count 6 five years.  If you're placed on supervised

13 release and violate any of the conditions imposed on you,

14 that may subject you to an additional term of incarceration.

15      Do you understand?

16 A.  Yes, sir.

17 Q.  Mr. Mattocks, I have on the bench a document labeled Plea

18 Agreement, which appears to have initials on each page in the

19 lower right-hand corner.

20      Did you review this Plea Agreement?

21 A.  Yes, sir, I did.

22 Q.  And are these your initials on each page in the lower

23 right-hand corner?

24 A.  Yes.

25 Q.  And did you sign the agreement on page 12?

1   A.  Yes, sir, I did.

2   Q.  Did you review all of the terms of this agreement with

3   your attorney?

4   A.  Yes, I have.

5   Q.  And do you understand everything contained in the

6   document?

7   A.  Yes, sir, I do.

8   Q.  Do you have any questions for me about it at this time?

9   A.  No, sir.  I do not.

10          THE COURT:  Mr. Dorsk, did you review, initial, and

11  sign the Plea Agreement?

12          MR. DORSK:  I did, Your Honor.

13          THE COURT:  And did Mr. Mattocks review it in your

14  presence?

15          MR. DORSK:  Yes, sir.

16          THE COURT:  Mr. Kaplan, on behalf of the United

17  States did you review, initial, and sign the Plea Agreement?

18          MR. KAPLAN:  Yes, Judge, I did.

19          THE COURT:  And, Mr. Kaplan, other than the offer

20  contained in this plea agreement, were any other plea offers

21  extended to Mr. Mattocks in the case?

22          MR. KAPLAN:  No, Your Honor.

23          THE COURT:  Mr. Dorsk, can you confirm this is the

24  only offer that Mr. Mattocks received?

25          MR. DORSK:  Yes, sir.  That's correct.

1    BY THE COURT:

2    Q.  Mr. Mattocks, do you understand that you have a right to

3    plead not guilty to these charges?

4    A.  Yes, sir, I do.

5    Q.  And if you have already entered a not guilty plea, you

6    have a right to persist in that plea and go to trial.

7          Do you understand?

8    A.  Yes, sir, I do.

9    Q.  If you were to plead not guilty, you may not be compelled

10   to testify.  And if you decide not to testify, the prosecutor

11   may not comment on your decision in any way, and neither the

12   Court nor the jury may draw any inference or conclusion from

13   your decision not to testify.

14         Do you understand this right?

15   A.  Yes, sir, I do.

16   Q.  If you were to plead not guilty, you would have the right

17   to a speedy public trial by jury.  At that trial you would

18   have the right to the assistance of an attorney, the right to

19   confront and cross-examine the witnesses against you, and you

20   cannot be required to incriminate yourself.

21         Do you understand these rights?

22   A.  Yes, sir.

23   Q.  And do you understand by pleading guilty you give up

24   these rights?

25   A.  Yes, sir.

1   Q.  If you were to plead not guilty, the United States would
2   have the burden of proof to prove you guilty beyond a
3   reasonable doubt.
4          Do you understand?
5   A.  Yes, sir.
6   Q.  In order to convict you, the Government would have to
7   persuade every member of a 12-person jury of your guilt by
8   competent evidence.
9          Do you understand the verdict would have to be
10  unanimous?
11  A.  Yes, sir.
12  Q.  At trial you would have the right to use the power and
13  process of this court to compel the production of evidence,
14  including the attendance of witnesses on your behalf.  But if
15  the Court accepts your guilty plea, you'll lose that right.
16         Do you understand?
17  A.  Yes, sir.
18  Q.  If you continue in your desire to plead guilty, the Court
19  may ask you questions about these offenses, and about your
20  conduct which gave rise to these charges.
21         Do you understand this?
22  A.  Yes, sir.
23  Q.  And if you answer these questions under oath, and your
24  answers later prove to be false, those answers may be used
25  against you in a prosecution for perjury or false statement.

```
 1          Do you understand?
 2   A.   Yes, sir.
 3   Q.   Do you feel that any of your constitutional rights have
 4   been violated in any way in connection with the seizure of
 5   any evidence in this case?
 6   A.   No, sir.
 7   Q.   Do you feel that any of your constitutional rights have
 8   been violated with regard to the taking of any statement from
 9   you?
10   A.   No, sir.
11   Q.   Do you feel that any of your constitutional rights have
12   been violated by any person in connection with the
13   prosecution of the case so far?
14   A.   No, sir.
15   Q.   Has anyone, including your attorney or the attorney for
16   the United States, made any promise of leniency or any
17   promise of any kind in return for your plea, other than what
18   is contained in your written plea agreement?
19   A.   No, sir.
20   Q.   Has anyone threatened you in any way or tried to force
21   you to plead guilty?
22   A.   No, sir.
23   Q.   Do you understand if the prosecution agrees to recommend
24   a particular sentence in the case, that recommendation will
25   not be binding on the Court when you are sentenced?
```

```
 1          Do you understand?
 2   A.  Yes, sir.
 3   Q.  In other words, there isn't any recommendation language,
 4   or at least no binding recommendation in the Plea Agreement.
 5          Do you understand?
 6   A.  Yes, sir.
 7   Q.  In order for any recommendation to bind the Court, it
 8   would have to be agreed to in the written agreement and
 9   accepted by the trial judge.
10          Do you understand?
11   A.  Yes, sir.
12   Q.  Have you had the opportunity to discuss your case with
13   Mr. Dorsk?
14   A.  Yes, sir, I have.
15   Q.  Have you discussed all of the facts of the case with him?
16   A.  Yes, sir, I have.
17   Q.  Are you satisfied he's fully considered the facts, and
18   discussed with you any possible defenses you may have?
19   A.  Yes, sir, he has.
20   Q.  Do you understand if you are sentenced to prison for
21   these offenses, there is no parole in the federal system?
22   A.  Yes, sir, I do.
23   Q.  The statutes under which you are charged set forth
24   maximum and in one case a minimum sentence which can be
25   imposed, but they are also subject to the Federal Sentencing
```

1    Guidelines, and these guidelines will be consulted by the

2    Court when it determines the actual sentence imposed on you.

3          Do you understand?

4    A.  Yes, sir.

5    Q.  Are you aware the sentence recommended by the guidelines

6    will be based in part on the actual conduct in which you

7    engaged?

8    A.  Yes, sir, I am.  Yes, sir, I do.

9    Q.  And this will include all of your relevant conduct, not

10   just the minimum conduct necessary to establish the elements

11   of these two counts.

12         Do you understand?

13   A.  Yes, sir.

14   Q.  The guidelines also take into account the victim or

15   victims of your offense, the role that you played, whether or

16   not you engaged in any obstruction of justice, or have

17   accepted responsibility for your acts.

18         Do you understand?

19   A.  Yes, sir.

20   Q.  Do you understand that your criminal history is an

21   important factor in applying the guidelines?

22   A.  Yes, sir, I do.

23   Q.  Although the guidelines are only advisory, the Court will

24   give great consideration to the sentence the guidelines

25   recommend.

1        Do you understand?

2   A.   Yes, sir.

3   Q.   After today's hearing, but prior sentencing, a

4   presentence report is going to be prepared by the probation

5   office.  This presentence report will set forth your personal

6   history as well as the facts underlying this case.

7        Do you understand?

8   A.   Yes, sir.

9   Q.   Do you understand that until this presentence report is

10  completed, it is impossible for either the Court or your

11  attorney to know precisely what sentence range will be

12  prescribed by the guidelines?

13  A.   Yes, sir, I do.

14  Q.   Sometimes the Court has to resolve disputes that arise

15  about information in the presentence report, and resolving

16  those disputes may affect how the guidelines apply in your

17  case.

18       Do you understand?

19  A.   Yes, sir, I do.

20  Q.   Have you discussed the guidelines with Mr. Dorsk?

21  A.   As much as possible, yes.

22  Q.   And has he explained the considerations which will

23  eventually go into determining how the guidelines apply?

24  A.   Yes for both ways.

25  Q.   Do you understand at this point it's unlikely that

1    Mr. Dorsk can be specific about a range, because he has not
2    seen the presentence report?
3    A.  Yes, sir.
4    Q.  And do you understand you will not be permitted to
5    withdraw or change your plea on the grounds that your
6    attorney's estimate of the guideline range later proves to be
7    inaccurate?
8    A.  Yes, sir.
9    Q.  Under some circumstances you or the United States may
10   have the right to appeal, and in general you would have the
11   right to appeal your conviction and your sentence, and to
12   proceed without paying a filing fee if you qualified for
13   indigent status.  However, in your plea agreement, page 4,
14   numbered paragraph 6, there is a written provision in which
15   you waive your right to appeal your conviction and any
16   sentence that the Court imposes up to and including the
17   statutory maximum.
18           Do you understand?
19   A.  Yes, sir.
20   Q.  So by entering into this plea agreement and pleading
21   guilty, you'll be giving up your right to appeal the Court's
22   conviction or your conviction on both these charges, as well
23   as any sentence that the Court imposes up to and including
24   life in prison.
25           Do you understand?

```
1    A.  Yes, sir.

2    Q.  Are you also aware that the United States has not given

3    up any right it may have to appeal the Court's sentence?

4    A.  Yes, sir.

5    Q.  Are you entering this plea agreement freely and

6    voluntarily?

7    A.  Yes, sir, I am.

8            THE COURT:  All right.  I'll accept the Plea

9    Agreement and ask that it be filed, and also file the

10   attachment under seal.

11           Mr. Dorsk, has Mr. Mattocks been competent and able

12   to cooperate with you in the case?

13           MR. DORSK:  Yes, sir.

14           THE COURT:  Have you discussed the facts of the

15   case in detail with him?

16           MR. DORSK:  Yes, sir.

17           THE COURT:  Are you satisfied that there are no

18   meritorious defenses he might raise, which in your opinion

19   would result in a not guilty verdict?

20           MR. DORSK:  Yes, sir.

21           THE COURT:  Are you satisfied Mr. Mattocks'

22   constitutional rights have been observed so far?

23           MR. DORSK:  Yes, sir.

24           THE COURT:  Are you satisfied that as the defendant

25   stands there today he's not under the influence of any kind
```

1    of drug, narcotic, marijuana or alcohol?

2            MR. DORSK:  Yes, sir.

3            THE COURT:  Do you know of any reason of any kind

4    which would prevent the defendant from pleading guilty to

5    these two counts?

6            MR. DORSK:  No, sir.

7    BY THE COURT:

8    Q.  Mr. Mattocks, I am now going to read the two charges,

9    Counts 1 and 6.

10           Count 1 is a conspiracy count.  It's alleged over the

11   course of six pages in the indictment.  So I'm going to

12   summarize the count, and then ask if you understand my

13   summary.  And if you don't, please tell me, and I'll read as

14   much of the charge as necessary until you do understand.

15           Will you agree to do that?

16   A.  Yes, sir.

17   Q.  If you do understand my summary, then I will ask for your

18   plea.

19           Count 1 charges that from in or about January 2020,

20   the exact date being unknown to the grand jury, and

21   continuously thereafter to on or about August 10, 2020, in

22   the Eastern District of Virginia and elsewhere, the

23   defendant, Nathan DeAlbert Mattocks, and unindicted

24   co-conspirators one and two and others known and unknown to

25   the grand jury did unlawfully, knowingly, and intentionally,

1    conspire, combine, confederate, and agree among themselves

2    and with others known and unknown to the grand jury to commit

3    one or more of the following offenses against the United

4    States:  To unlawfully, knowingly, and intentionally

5    distribute and possess with intent to distribute a mixture

6    and substance containing a detectable amount of heroin,

7    cocaine, methamphetamine, and fentanyl, which are Schedule I

8    and II narcotic controlled substances, in violation of

9    Title 21, United States Code, Section 841(a)(1) and

10   841(b)(1)(C).

11           The Government describes the ways, manner, and means

12   of the conspiracy in five numbered paragraphs, including

13   paragraph number 1 on page 3, which alleges that it was part

14   of the conspiracy that the defendant, Nathan DeAlbert

15   Mattocks, would and played different roles in the conspiracy,

16   taking upon himself different tasks, and participating in the

17   affairs of the conspiracy through various criminal acts.

18   Some of the roles Defendant Mattocks assumed and carried out

19   included:  Organizer, manager, distributor, supplier, and

20   facilitator of the drug trafficking conspiracy.

21           The government alleges overt acts in seven numbered

22   paragraphs on pages 5 and 6, including paragraph number 5,

23   which alleges that on or about August 5, 2020, in Gloucester

24   County, Virginia, which is in the Eastern District of

25   Virginia, the defendant, Nathan DeAlbert Mattocks, while

1    traveling in a vehicle registered to witness one possessed 87

2    pills which contained fentanyl.

3           All of this is alleged in violation of Title 21,

4    United States Code, Section 846, which is the conspiracy

5    statute.

6           Now, Mr. Mattocks, having heard the summary of the

7    charge against you in Count 1, do you understand the charge?

8    A.   Yes, sir, I do.

9    Q.   How do you plead to Count 1, guilty or not guilty?

10   A.   Guilty.

11   Q.   Count 6 charges that on or about August 5, 2020, in the

12   Eastern District of Virginia, the defendant, Nathan DeAlbert

13   Mattocks, did knowingly and unlawfully carry, possess,

14   brandish, and discharge a firearm, that is a Taurus Model

15   PT111 Pro, 9-milimeter semiautomatic pistol during and in

16   relation to and furtherance of the drug trafficking crime for

17   which he may be prosecuted in a court of the United States;

18   namely, conspiracy to possess with intent to distribute

19   Schedule I and II controlled substance, in violation of

20   Title 21, United States Code, Section 846, as set forth in

21   Count 1 of the superseding indictment, which description of

22   said drug trafficking crime is realleged and incorporated by

23   reference as if fully set forth herein, all of this in

24   violation of Title 18, United States Code, Section

25   924(c)(1)(A).

1          Now, Mr. Mattocks, having heard the charge in Count
2  6, do you understand the charge?
3  A.  Yes, sir.
4  Q.  How do you plead to Count 6?
5  A.  Guilty.
6  Q.  Are you entering both of these guilty pleas freely and
7  voluntarily?
8  A.  Yes, sir.
9  Q.  Are you pleading guilty because you are in fact guilty of
10  both offenses?
11  A.  Yes, sir.
12  Q.  Mr. Mattocks, I have another document on the bench which
13  appears to have initials on each page in the lower right-hand
14  corner, and it's labeled Statement of facts.
15          Did you review the Statement of Facts?
16  A.  Yes, sir, I have.
17  Q.  And do you understand all of the facts it contains?
18  A.  Yes, sir, I have.
19  Q.  Are these your initials on each page in the lower
20  right-hand corner?
21  A.  Yes.  That's mine.
22  Q.  And did you sign the document?
23          Hold on one second.
24          MR. DORSK:  Your Honor, there is no signature page
25  for the Statement of Facts.  The Government does not believe

1    that we needed to provide one.  However, if the Court needs

2    one, we can certainly provide one.

3          THE COURT:  I think he needs to.  Well, ordinarily

4    we need a signature page.

5          Mr. Kaplan, what's going on with the signature

6    page?

7          MR. KAPLAN:  My understanding was that we did not

8    need a signature page, Your Honor.

9          MR. DORSK:  Judge, perhaps --

10         MR. KAPLAN:  It was incorporated into the Plea

11   Agreement, which is signed.

12         MR. DORSK:  Judge, perhaps we could just sign the

13   last page, if that would satisfy the Court.

14         THE COURT:  Well, I think it's going to be cleaner

15   if we do that.  I'm sorry I didn't catch this earlier on my

16   review of the draft.

17         Mr. Kaplan, that's a new assertion.  It's possible

18   you're correct.  I don't know.  And since it's not my

19   case -- I'm taking this plea for Judge Smith -- I want the

20   record to be complete, so I am going to ask counsel and

21   Mr. Mattocks to sign.

22         MR. DORSK:  Yes, sir.

23         THE COURT:  So there is room on page 5, if you

24   could just add signatures.

25         MR. DORSK:  Thank you, Judge.

```
1            MR. KAPLAN:  Thank you.
2   BY THE COURT:
3   Q.  All right, Mr. Mattocks.  Is this your signature on the
4   bottom of page 5?
5   A.  Yes, sir.
6            THE COURT:  And, Mr. Dorsk, did you also initial
7   and sign the statement?
8            MR. DORSK:  I did, Your Honor.
9            THE COURT:  Mr. Kaplan, for the United States did
10  you initial and sign the statement?
11           MR. KAPLAN:  I did, Your Honor.
12           THE COURT:  And, Mr. Kaplan, is this copy of the
13  statement identical to what was transmitted to chambers for
14  review?
15           MR. KAPLAN:  Yes, Your Honor.
16           THE COURT:  All right.  Thank you.
17  BY THE COURT:
18  Q.  Mr. Mattocks, the reason the Court receives a statement
19  of facts is that it is not permitted to accept your plea
20  without first making a finding that it is supported by facts;
21  that is that there are facts upon which you and the United
22  States agree that would be sufficient to support a conviction
23  on these charges if your case went to trial.
24           Do you understand this?
25  A.  Yes, sir.
```

JILL H. TRAIL, Official Court Reporter

1   Q.  So having reviewed this statement, and understanding its

2   purpose, do you agree with everything contained in the

3   statement?

4   A.  Yes, sir.

5   Q.  Is there anything in the statement that you disagree with

6   or take exception to?

7   A.  No, sir.

8   Q.  And if the case did proceed to trial, do you agree the

9   United States could prove these facts beyond a reasonable

10  doubt?

11  A.  Yes, sir.

12          THE COURT:  I am going to accept the statement and

13  ask that it be filed.

14  BY THE COURT:

15  Q.  Mr. Mattocks, based on the colloquy that we've conducted,

16  I do find that your plea is voluntary to both counts, and

17  that both counts are supported by facts, so I am entering an

18  order accepting your plea.  It remains for Judge Smith to

19  adjudicate guilt in the case and to impose your sentence.

20          Do you understand this?

21  A.  Yes, sir.

22          THE COURT:  Counsel, I understand you-all have

23  agreed on November 18th at 12:00 p.m. for sentencing.

24          Is that what you have, Mr. Dorsk?

25          MR. DORSK:  Yes, sir.

27

```
1            THE COURT:  Mr. Kaplan?

2            MR. KAPLAN:  Yes, Your Honor.

3            THE COURT:  And, Mr. Dorsk, did you already review

4   the Sentencing Procedures Order with Mr. Mattocks?

5            MR. DORSK:  I did, Judge, and he has a copy.

6            THE COURT:  All right.

7   BY THE COURT:

8   Q.  Mr. Mattocks, I'm entering a sentencing procedures order,

9   which you've reviewed with your counsel.  This order outlines

10  the process the Court will follow in arriving at your

11  sentence.  It describes the preparation of the presentence

12  report, your right to object to the report if you disagree

13  with anything it contains, and the consequences if you fail

14  to object.

15           Both you and your attorney will have an opportunity

16  to speak and present evidence, if you wish, at the sentencing

17  hearing, which we're going to schedule for November 18, 2021,

18  at 12:00 noon.

19           Do you understand?

20  A.  Yes, sir.

21           THE COURT:  Okay.  I've entered the Sentencing

22  Procedures Order, and I've entered the order accepting the

23  plea.  I've also entered the sealed order that was

24  presented.

25           MR. DORSK:  Thank you, Judge.
```

1          THE COURT:  Mr. Kaplan, is there anything else for

2    the United States?

3          MR. KAPLAN:  Thank you, Your Honor, nothing else

4    from the government.

5          THE COURT:  All right.

6          Mr. Dorsk?

7          MR. DORSK:  No, sir, Your Honor.  Have a good

8    weekend.  Thank you.

9          THE COURT:  You too.  Thank you.

10          Mr. Mattocks, thank you.

11          THE DEFENDANT:  Thank you, sir.

12          THE COURT:  The defendant will be remanded.

13          Ms. Dodge, is that everything?

14          THE CLERK:  Yes, sir.

15          THE COURT:  All right.  Thank you-all.  Court will

16    be in recess.

17          (Court stood in recess at 2:36 p.m.)

18                        CERTIFICATION

19

20     I certify that the foregoing is a correct transcript

21    from the record of proceedings in the above-entitled matter.

22

23

24          _____/s/_____

25                    Jill H. Trail


JILL H. TRAIL, Official Court Reporter



1                      November 19, 2021
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25