IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:21CR6 |
| | ) | |
| NATHAN DEALBERT MATTOCKS | ) | |
| Defendant. | | |

MOTION TO WITHDRAW GUILTY PLEA AND MEMORANDUM IN SUPPORT

COMES NOW the defendant, Nathan Dealbert Mattocks, through counsel, pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure and moves the Court to allow him to withdraw his plea of guilty. In support of this motion, Mr. Mattocks states the following.

*Procedural History*

Mr. Mattocks was originally charged in a multi-count indictment on March 5th, 2021. (Docket #14). On May 6th, 2021, a multi-count superseding indictment charged Mr. Mattocks with Conspiracy to Distribute and Possess with Intent to Distribute Heroin, Cocaine, Methamphetamine, and Fentanyl; Distribution of Heroin; Distribution of Methamphetamine; Distribution of Cocaine; Distribution of Fentanyl; two counts of Possession and Discharge of a Firearm in Furtherance of a Drug Crime; and Possession of a Firearm by a Convicted Felon (Docket #23). On July 9th, 2021, Mr. Mattocks entered a plea of guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Heroin, Cocaine, Methamphetamine, and Fentanyl and one count of Possession and Discharge of a Firearm in Furtherance of a Drug Crime. (Docket ## 38). On December 2nd, 2021, Mr. Mattocks's trial counsel filed a motion to withdraw as counsel based on Mr. Mattocks's desire to withdraw his guilty plea and requested separate counsel be appointed to represent Mr. Mattocks. (Docket #55).

On January 26th, 2022, a hearing was held on trial counsel's motion to withdraw and request for separate counsel. (Docket #59). The undersigned counsel was appointed to represent Mr. Mattocks on July 26, 2022. (Docket #61).

*Standard for Withdrawal of Plea*

A defendant who demonstrates a "fair and just reason" may withdraw a guilty plea if permitted to do so by the district court. Fed. R. Crim. P. 11(d) (2)(B). The Fourth Circuit has delineated the following six-factor test for District Courts to employ when assessing a defendant's request to withdraw his guilty plea: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. *See United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), *cert. denied*, 502 U.S. 857 (1991). The first, second and fourth factors are considered the most important when analyzing the defendant's request. *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995). However, "consideration of these factors is not a 'rigidly mechanistic test, for the conspicuous fuzziness of the [Rule's} operative terms – fair and just – precludes such an endeavor.'" *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009)(quoting *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995)).

*Argument*

The first *Moore* factor is whether the defendant has offered credible evidence that his plea was not knowing or not voluntary. *U.S. v. Moore*, 931 F.2d at 248. A plea is voluntary if it represents "the voluntary expression of [the defendant's] own choice." *Brady v. United States*, 397 U.S. 742, 748 (1970). A plea is knowing if entered "'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005) (quoting Brady, 397 U.S. at 748, 90 S.Ct. 1463). It must reflect "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In evaluating the constitutional validity of a guilty plea, "courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." *Walton v. Angelone*, 321 F.3d 442, 462 (4th Cir.2003) (internal citation omitted).

In this case, Mr. Mattocks's plea was not voluntary. Mr. Mattocks has indicated to present counsel that he was never provided a copy of the Plea Agreement or Statement of Facts and that these documents were read to him one time by prior counsel but never explained to him. He also indicates that while portions of the discovery were provided to him by prior counsel, at no time were they explained to him. Both prior counsel dispute these assertions. Mr. Mattocks has a GED and no legal training of any kind so simply reading a complex Plea Agreement and Statement of Facts to him one time without providing him with a copy or explanation of the same could not support a voluntary plea of guilty.

Mr. Mattocks felt pressured by his own counsel to plead guilty despite his deep reservations; his decision was thus not "the voluntary expression of [his] own choice" and did not reflect "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. at 31. He trusted his counsel implicitly despite his allegation that counsel had not explained any of the evidence to him.

The second *Moore* factor is whether the defendant has credibly asserted his legal innocence. *U.S. v. Moore*, 931 F.2d at 248. At this point, Mr. Mattocks has been provided all of the evidence in the case and present counsel has discussed it with him in detail and answered his questions about the same. Without revealing any case assessment or advice provided by counsel, Mr. Mattocks believes that if he went to trial he would be acquitted.

The third *Moore* factor is whether there has been a delay between the entering of the plea and the filing of the motion. In this case, Mr. Mattocks informed his prior attorney of his desire to withdraw his plea prior to counsel's motion to withdraw on December 2nd, 2021. The primary basis of this motion was the ethical conflict faced by counsel based upon the allegation by Mr. Mattocks that prior counsel had not properly advised him of the contents of the Plea Agreement and Statement of Facts. Mr. Mattocks immediately informed present counsel of his desire to withdraw his guilty plea and has been steadfast in that position throughout this representation. Accordingly, there was no unnecessary delay, especially given the fact that Mr. Mattocks is incarcerated and relayed his desire to withdraw his plea within a reasonably short time after the Rule 11 hearing.

The fourth *Moore* factor is whether the defendant has had close assistance of competent counsel. Before deciding whether to plead guilty, a defendant is entitled to "effective assistance of competent counsel." *McMann v. Richardson*, 397 U. S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d

4

763 (1970). Mr. Mattocks asserts that he did not have close assistance of competent counsel. Contrary to assertions of prior counsel, Mr. Mattocks asserts that he was never provided a copy of the Statement of Facts or Plea agreement, and that these documents were read to him one time in the jail without any explanation whatsoever.  In addition, he asserts (again, contrary to representations from prior counsel) that he was provided with a portion of the evidence in his case but that his prior counsel never explained any of it to him or assisted him with understanding the allegations against him.

The fifth and sixth *Moore* factors are whether withdrawal will cause prejudice to the government and whether it will inconvenience the court and waste judicial resources. In this case, there will be no prejudice to the government.   The Government still has ready access to their witnesses and evidence and having to prepare for and try a case cannot be characterized as prejudicial. Nor will the withdrawal waste judicial resources. While trying the case will consume court resources, a trial upon prompt request to determine the guilt or innocence of an accused citizen cannot fairly be characterized as a waste of time.

*Conclusion*

WHEREFORE, for the foregoing reasons the defendant respectfully requests this Court to enter an order allowing him to withdraw his guilty plea and set the case for trial.

Respectfully Submitted,

_____/s/_____
Shawn M. Cline, Esq.
Virginia State Bar No. 48176
Attorney for the Defendant
Law Office of Shawn M. Cline, PC
38 Wine St.
Hampton, VA 23669
Phone: 757-224-1777
Fax:    757-224-0664

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2022, I electronically filed a copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Kenneth P. Kaplan, Esq.
Special Assistant United States Attorney
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Phone: (757) 591-4900


_____/s/_____
Shawn M. Cline, Esq.
Virginia State Bar No. 48176
Attorney for the Defendant
Law Office of Shawn M. Cline, PC
38 Wine St.
Hampton, VA 23669
Phone: 757-224-1777
Fax: 757-224-0664
Email: Scline@hamptonroadsdefense.com