UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

    v.

CRIMINAL NO. 4:21cr6

NATHAN DeALBERT MATTOCKS,

    Defendant.

## MEMORANDUM ORDER

This matter comes before the court on Defendant's Motion to Withdraw Guilty Plea ("Motion"), ECF No. 63, filed February 18, 2022. Defendant requests the court to allow him to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d). For the reasons discussed below, the court **GRANTS** the Motion.

## I. Procedural History

On July 9, 2021, Defendant consented to his plea proceedings being conducted before a magistrate judge, rather than a district judge. ECF No. 37. In the waiver, Defendant acknowledged that he "understands that if [his] plea of guilty is accepted at the plea hearing, it remains for the United States District Judge to adjudicate guilt and impose sentence." Id. At the plea hearing held that same day, Defendant pleaded guilty, under oath, to Counts One and Six of the Superseding Indictment before Magistrate Judge Douglas E. Miller, who questioned Defendant and accepted Defendant's plea of guilty. ECF Nos. 39, 42, 54. Count One charged Defendant with Conspiracy to Possess with Intent to Distribute

Schedule I and II narcotics, in violation of 21 U.S.C. §§ 841(a), (b)(1)(C), and 846. Count Six charged Defendant with Possessing, Using, Brandishing and Discharging a Firearm During or in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). As part of the plea proceedings, both the Plea Agreement, ECF No. 39, and a Statement of Facts, ECF No. 40, were filed in open court and under oath.

On November 18, 2021, the court conducted a sentencing hearing for Defendant. Defendant objected to parts of his Statement of Facts and his Presentence Report ("PSR"), see ECF No. 52 (setting forth Defendant's objections), but stated he did not wish to withdraw his plea. See ECF No. 66 at 3. The court heard argument regarding Defendant's objections to the Statement of Facts and the PSR. The objections directly contradicted facts to which Defendant had previously stipulated under oath at the guilty plea hearing on July 9, 2021, see ECF Nos. 38, 39, 40, and which were made a part of the PSR, see PSR ¶ 6. Because of this contradiction, the court continued the sentencing and directed the parties to file briefings regarding how the case should proceed, if the court declined to accept Defendant's guilty plea. See ECF No. 57 at 1. The court also declined to adjudge Defendant guilty of Counts One and Six of the Superseding Indictment at that time. See ECF No. 53.

On December 2, 2021, a Motion to Withdraw was filed, by counsel, citing a conflict of interest in the case. ECF No. 55. On

January 26, 2022, the court conducted a hearing on this Motion to Withdraw. The court questioned Defendant under oath and on the record, as well as his attorney, Chad Dorsk. Defendant advised that he wanted new counsel appointed to represent him, and Mr. Dorsk agreed with Defendant's request. The court made findings on the record and granted the Motion to Withdraw. The court advised that Defendant's guilty plea remained in place. The court entered an order that summarized its findings from the bench and directed that new counsel, Defendant's third in this case, be appointed for Defendant.[1] ECF No. 60.

Defendant, by new counsel, filed his Motion to Withdraw Guilty Plea on February 18, 2022. ECF No. 63. The United States filed a Response in Opposition on March 4, 2022. ECF No. 66. Defendant filed a Reply on March 9, 2022. ECF No. 67. On March 23, 2022, the court conducted a hearing on the Motion to Withdraw Guilty Plea. Defendant testified under oath at the hearing. The court then heard argument on the Motion. On April 1, 2022, the United States filed a Notice to the Court and Counsel of Its Withdrawal of Opposition to Defendant's Motion to Withdraw his Guilty Plea. ECF No. 69. The United States also notified the court of its intention to reserve

---

[1] Defendant's first attorney moved to withdraw as counsel on May 25, 2021, alleging a breakdown in trust and communication. See ECF No. 28 at 3. On May 27, 2021, Magistrate Judge Miller granted the motion and directed the Clerk to appoint new counsel. ECF Nos. 30 and 32.

the right to seek to use Defendant's Statement of Facts and his statements against interest in any trial or future proceeding in the United States' case in chief or as impeachment. See id. at 3.[2]

## II. Legal Standard for Withdrawing a Plea

Rule 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty after the court has accepted the plea if "the defendant can show a fair and just reason for requesting the withdrawal." "[T]he district court has discretion to decide whether a fair and just reason exists upon which to grant withdrawal." United States v. Nicholson, 676 F.3d 376, 384 (4th Cir. 2012) (quoting United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003)). In making its decision, a district court acts within its discretion so long as it does not act in an arbitrary manner, fail to consider judicially-recognized factors limiting its discretion, or rely on erroneous factual or legal premises. Id. at 383 (quoting United States v. Henry, 673 F.3d 285, 291 (4th Cir. 2012)).

"Guilty pleas 'are important components of this country's criminal justice system,' and in order to realize 'the advantages that they provide to all concerned,' guilty pleas must be 'accorded a great measure of finality.'" United States v. Akande, 956 F.3d 257, 265 (4th Cir. 2020) (quoting Christian v. Ballard, 792 F.3d

---

[2] See infra note 7.

427, 444 (4th Cir. 2015)). Consequently, "a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn. Indeed, it raise[s] a strong presumption that the plea is final and binding." Nicholson, 676 F.3d at 384 (quoting Bowman, 348 F.3d at 414) (internal citations and quotation marks omitted); see also United States v. Beahm, 27 F. App'x 171, 172 (4th Cir. 2001) ("[T]he key to determining whether a motion to withdraw a guilty plea should be granted is whether the Rule 11 hearing was properly conducted.").

With this presumption in mind, the Fourth Circuit has articulated a nonexclusive list of factors (the "Moore factors") for district courts to consider when deciding a plea withdrawal motion:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

Nicholson, 676 F.3d at 384 (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)). The first, second and fourth factors are considered the most important when analyzing the defendant's request. See United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995). "The consideration of these factors is not

a rigidly mechanistic test, for the conspicuous fuzziness of [the] operative terms - fair and just - precludes such an endeavor." United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted) (quoting Sparks, 67 F.3d at 1154).

### III. Merits

Even after a defendant has waived his right to a Rule 11 hearing before a district judge, the district judge retains ultimate responsibility to accept and adjudge the guilt of the defendant. See United States v. Benton, 523 F.3d 424, 430 (4th Cir. 2008) (quoting Peretz v. United States, 501 U.S. 923, 937 (1991)) (finding that "the entire process [of the plea colloquy] takes place under the district court's total control and jurisdiction" including proceedings in front of a magistrate). The court understands the importance of the July 9, 2021, plea colloquy and accepts that it was conducted properly. This finding usually binds defendants and limits the avenues for withdrawal. See, e.g., Nicholson, 676 F.3d at 384. However, the cases that emphasize this point generally, for the most part, involve a motion to withdraw filed after the district judge has conducted the plea colloquy and accepted the guilty plea. See, e.g., Appellant's Brief at 8, Moore, 931 F.2d 245 (No. 90-5819); Nicholson, 676 F.3d at 378; Bowman, 348 F.3d at 411; Sparks, 67 F.3d at 1149; United States v. Lambey, 974 F.2d 1389, 1391 (4th Cir. 1992); Beahm, 27 F. App'x at 172.

In this case, the magistrate judge conducted the plea colloquy and accepted the guilty plea, but the undersigned district judge has not yet adjudged Defendant guilty or accepted his plea. At the sentencing hearing on November 18, 2021, the undersigned articulated concerns with Defendant's plea and declined to adjudge Defendant guilty. The hearing held on the Motion, on March 23, 2022, was the undersigned's first opportunity to question Defendant as to his plea and his representations.

The undersigned has conducted three hearings over the course of these proceedings, the last of which was held on March 23, 2022, and included lengthy testimony from Defendant, under oath and subject to cross-examination by the United States and questioning by the court. The court finds that Defendant presented credible testimony that his plea was not voluntary or knowing. While Defendant had assistance of counsel throughout, Defendant did not seem to understand the form or substance of the communications he had with his previous attorneys, nor the consequences of his guilty plea.[3] Simply put, Defendant's plea suffered from a breakdown in

---

[3] The court does not at this time rule on the competency of Defendant's previous attorneys. The court simply notes that while Defendant had counsel, the communication with his attorneys was not in a form he could understand. But cf. Sparks, 67 F.3d at 1153 (quoting Lambey, 974 F.2d at 1394) ("[D]efendant can demonstrate the absence of close assistance of counsel for purposes of the Moore test only by showing that her 'counsel's performance fell below an objective standard of reasonableness.'").

communication between him and his then attorney(s) that undermined its voluntariness. The court's concerns with the communication and connection between Defendant and his first two attorneys leads the court to conclude that the first and fourth <u>Moore</u> factors, on balance, weigh in favor of granting the Motion.

The court finds that the third <u>Moore</u> factor also favors granting the Motion because there has not been an undue delay in filing the Motion by his current counsel.[4] The court acknowledges that approximately eight (8) months passed between when Defendant pleaded guilty and when he filed his Motion.[5] The court does not find delay dispositive because of the unique circumstances that limited Defendant's ability to file the Motion, including the novel Coronavirus ("COVID-19") pandemic, the breakdown in communication with two attorneys, his second attorney's motion to withdraw as counsel, and the prompt filing by his third attorney.

The court also finds that granting the Motion will only slightly prejudice the government or inconvenience the court,

---

[4] See <u>infra</u> note 5.

[5] Defendant alleges that he informed his second attorney of his desire to withdraw his plea prior to that attorney withdrawing as counsel. <u>See</u> ECF No. 63 at 4. Defendant also claims that he informed his present counsel of his desire to withdraw his guilty plea immediately upon the third defense counsel's appointment. <u>See id.</u> The court notes that Defendant's counsel filed his Motion within a few weeks of the appointment. At the hearing on the Motion, Defense Counsel informed the court that he filed the Motion as soon as practicable after his appointment and a review of the case record.

under the fifth and sixth <u>Moore</u> factors. The court system has been consistently delayed by COVID-19 and so, relatively speaking, the delay in this case does not amount to a significant problem. Moreover, the government has not shown that it will be prejudiced by the spoilage of evidence or the difficulty in finding witnesses, especially in light of the United States' withdrawal of opposition to the Motion. ECF No. 69. Furthermore, the court places a defendant's ability to exercise his right to a jury trial of highest priority. That the government now will have to prove its case at trial does not constitute prejudice, as the government always prevails when justice is achieved.

While not every <u>Moore</u> factor favors granting the Motion,[6] the court finds that the totality of the circumstances in this case favors allowing withdrawal. The <u>Moore</u> factors are a guide for courts in using its discretion for an "inescapably impressionistic judgment." <u>Sparks</u>, 67 F.3d at 1154. Having reviewed the plea colloquy, the testimony in the previous three hearings before the court, the party's briefing, and the <u>Moore</u> factors, the court **GRANTS** Defendant's Motion to Withdraw Guilty Plea, ECF No. 63, and hereby **VOIDS** Defendant's guilty plea. Neither party shall be bound by the previous plea agreement, ECF No. 39. The court **ORDERS** the

---

[6] Under the second <u>Moore</u> factor, the Defendant has not offered evidence in support of his legal innocence, which will ultimately be determined by the jury at trial.

parties to contact the Calendar Clerk to set a date for a jury trial.[7]

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to current counsel for Defendant and the United States Attorney at Newport News.

**IT IS SO ORDERED.**

/s/

Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

April 8, 2022

---

[7] In any trial proceedings, the parties shall make no reference to these proceedings, including Defendant's guilty plea and testimony. Such references would deprive Defendant of his right not to testify and his right to have his charges proven beyond a reasonable doubt by the United States. If Defendant does testify at trial, the court will address the issue of impeachment at that time.

Moreover, to the extent these matters constitute grounds for an obstruction of justice enhancement in a PSR remain an issue for determination, if appropriate. Further, to the extent separate charges of perjury or otherwise may be involved, they would have to be filed separately and adjudicated apart from this case.